# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**LOAISA RODRIGUEZ,**[1]

    Petitioner,

vs.                                                Case No. 4:10cv217-WS/WCS

**UNITED STATES OF AMERICA,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO TRANSFER § 2241 PETITION

Petitioner filed a form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. Petitioner was directed to submit either the filing fee or a motion to proceed in forma pauperis. Doc. 3. The fee has been paid.

Petitioner is currently incarcerated at the Federal Correctional Institution in Tallahassee, and claims ineffective assistance of counsel in negotiating a plea and sentence in the Southern District of Florida, case number 1:08-20567-CR. Doc. 1, pp.

---

[1] Petitioner's last name was written as Rodriquez (rather than Rodriguez) throughout the typewritten petition, doc. 1, and this was the spelling used in the previous order. Doc. 3. The attachments to the petition and Petitioner's signature use the spelling Rodriguez. This is also the spelling on the judgment out of the Southern District (addressed ahead) and using the inmate locator site for the Bureau of Prisons. The clerk has therefore amended the docket to reflect the correct spelling.

1-3. Petitioner claims that § 2241 is the "proper vehicle for challenging the duration of a prisoner's confinement, without challenging the underlying conviction for modification of her sentence" in this case. Doc. 1, attached memorandum, at p. 1 (p. 8 of doc. 1 as scanned into ECF) (Electronic Case Filing). She asserts defense counsel was ineffective during the plea and at sentencing, "for counsel's failure to address mitigating circumstances of her family and alternative sentencing (split sentencing) for the court's review and discretion of handling sentencing options available," and asks this court for "any and all deserved relief" and a split sentence. *Id.*, p. 5 (p. 12 in ECF).

> A § 2241 petition is unavailable to make these claims.
>
> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). This is a collateral challenge to a federal sentence, and should be raised if at all pursuant to § 2255.

Under the "savings clause" of § 2255, a petition for writ of habeas corpus filed by a prisoner authorized to seek relief under § 2255 "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." § 2255(e).

On the § 2241 form, Petitioner marked "no" where asked, "[h]ave you filed a motion under 28 U.S.C. § 2255?" Doc. 1, p. 2. In the space provided below the question, she wrote "TIME-BARRED." *Id.*

Case No. 4:10cv217-WS/WCS

The Eleventh Circuit addressed the meaning of the savings clause in the context of a § 2241 petition bringing claims clearly barred by the successive motion provisions of § 2255:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (footnote omitted); Gilbert v. United States, __ F.3d __, 2010 WL 2473560 at *4-*5 (11th June 21, 2010) (reiterating this standard).  It does not exist simply "to free a prisoner of the effects of his failure to raise an available claim earlier."  177 F.3d at 1245 (citations omitted).  To the extent it was intended as a habeas corpus petition, therefore, this § 2241 petition is barred by the savings clause of § 2255.

It is recommended that this case be transferred to the sentencing court for its consideration, however.  Petitioner used a § 2241 petition form to raise a claim which should be raised in the sentencing court by § 2255 motion.  She may have done so at least in part based on the belief that it was too late to file a § 2255 motion,[2] which was not the case.  The judgment in Southern District case 1:08-20567-CR (available in PACER) (Public Access to Electronic Records) was entered on the docket on May 13, 2009.  Doc. 207 in that case.  Petitioner did not file an appeal, so the judgment became final on May 27, 2009, when the time for filing a notice of appeal expired.  Fed.R.App.P.

---

[2] It seems quite likely the petition was prepared by another inmate on Petitioner's behalf.  *See supra*, n. 1 (noting the incorrect spelling of Petitioner's last name on the petition),

Case No. 4:10cv217-WS/WCS

4(b)(1).  Absent a later commencement date, the one year runs from "the date on which the judgment of conviction becomes final."  This § 2241 petition was filed on May 25, 2010, when deposited by Petitioner in the prison mail system.  It was stamped received by the clerk of this court as received on May 27, 2010.

According to the § 2241 petition and confirmed by review of the docket in her criminal case (in PACER), Petitioner has never filed a § 2255 motion.  The current petition was filed within the time for filing a § 2255 motion.  Under these peculiar circumstances, it seems more in the nature of a mis-labeled § 2255 motion than a habeas corpus petition.  As such it should be transferred to the sentencing court for its consideration.

It is therefore respectfully **RECOMMENDED** that the petition be **SUMMARILY DISMISSED** as a § 2241 petition, but construed as a possible § 2255 motion it be **TRANSFERRED** to the United States District Court for the Southern District of Florida, Miami Division, case 1:08-20567-CR.

**IN CHAMBERS** at Tallahassee, Florida, on July 21, 2010.

s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:10cv217-WS/WCS